### B. H. FARRELL v. STATE.

No. A-3634. Opinion Filed March 19, 1921.
Rehearing Denied Sept. 12, 1921.
(200 Pac. 462.)

Appeal from County Court, Atoka County; J. M. Humphreys, Judge.

B. H. Farrell was convicted of the unlawful possession of intoxicating liquor, and he appeals. Affirmed.

J. W. Clark, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall and E. L. Fulton, Asst. Attys. Gen., for the State.

PER CURIAM.   This is an appeal from the county court of Atoka county, wherein plaintiff in error,  B. H. Farrell, hereinafter designated defendant, was convicted of the offense of unlawful possession of intoxicating liquor, and sentenced to pay a fine of $50 and to serve 30 days' imprisonment in the county jail, the minimum punishment prescribed by statute for such offense.

The evidence on the part of the state discloses the possession by defendant of nine quarts of "wild-cat" or homemade whisky, buried in quart fruit jars in his garden, about 12 or 15 steps from his house; also one quart of the same kind of whisky was found in a trunk in the house; also about .40 gallons of what is called "wild-cat beer" or mash for making whisky was found in a barrel on defendant's premises.   Defendant was not at home when the officers made the search, but was found at the home of a neighbor about 300 yards distant immediately after the search was made.

Defendant was arrested, and was escorted back to his home by one of the persons making the arrest.   On the way back to the house, defendant asked if they had found all the whisky, to which reply was made, "I guess so," and defendant then asked, "Did you find some on the shelf in the kitchen?" to which reply was made, "No." Defendant then said, "There should be a quart more up there," and said, "Let's go and get it," and they went back and looked, and the whisky was gone.   They then went into the garden, and defendant said, "Yes; they got it all."

The foregoing is a concise statement of the material facts in the case, and defendant did not take the witness stand in his own behalf.   He merely introduced three witnesses who testified that prior to that time defendant had borne a good reputation as a law-abiding citizen.

Contention is made that the court erred in giving certain instructions which tended to place the burden of proof upon defendant, and the Attorney General has admitted in his brief that instructions given tended to that effect.    This court has carefully examined the instructions, and while we find that the trial court, in stating the burden resting upon defendant to rebut the presumption of unlawful intent arising from the possession of more than one gallon of spirituous liquor and more than one cask of malt liquor on the home premises of defendant, probably stated the law too strongly in favor of the state, nevertheless, in view of the fact that no defense was interposed to the merits of this prosecution, and that the evidence, standing as it is uncontradicted, clearly establishes the guilt of this defendant, so that it is apparent that no miscarriage of justice resulted, or that defendant was deprived of any constitutional or statutory right, this court is not at liberty, under the express provisions of section 6005, Revised Laws 1910, to disturb or reverse the judgment because of the alleged misdirection of the jury. No honest, intelligent jury, under their oath,   could have arrived at any other verdict, under the undisputed evidence in this case, than that of guilt of this defendant.

For reasons stated, the judgment is affirmed.